# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH L. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:08-0322 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| OLIVER FREELY, individually, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is defendant Oliver Freely's Motion for Summary Judgment (Docket No. 45), to which the plaintiff, Joseph Evans, has not responded.  On August 4, 2009, the court entered an Order requiring the plaintiff to respond to this motion by August 24, 2009 and forewarning him that his failure to timely respond could result in the dismissal of his case. (Docket No. 48.)  For the reasons discussed herein, the defendant's motion will be granted.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving

1

party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *McLean v. 988011 Ontario, Ltd*., 224 F.3d 797, 800 (6th Cir. 2000).  "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'"  *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

If the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which she has the burden, however, the moving party is entitled to summary judgment as a matter of law.  *See Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).  To preclude summary judgment, the non-moving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial."  *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).  If the evidence offered by the non-moving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the non-moving party, the motion for summary judgment should be granted.  *Anderson*, 477 U.S. at 249-52.  "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Hill v. White*, 190 F.3d 427, 431 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 247-49).

The court, may not, however, grant the defendant's summary judgment motion solely on the grounds that the plaintiff has not responded.  Rather, "[t]he court is required, at a minimum,

to examine the movant's motion for summary judgment to ensure that [the defendant] has discharged ... the burden of demonstrating the absence of a genuine issue as to a material fact." *Stough v. Mayville Cmty Schs.*, 138 F.3d 612, 614 (6th Cir. 1998)(internal quotation omitted). The court, therefore, will consider whether the defendant has met his burden under the summary judgment standard.

On March 17, 2007, the plaintiff, who was an inmate at the Criminal Justice Center (CJC) in Nashville, Tennessee, and the defendant, who is a correctional officer at the CJC, got into a dispute. (*See generally* Docket No. 47.) Earlier in the day, the plaintiff had baked some banana nut bread in his cooking class and had taken the bread back to his cell, storing the bread in his "bus tub," or his personal items container. (*Id.*) During a standard sweep of the inmates' cells for contraband, the defendant noticed the bread, and he told the plaintiff that he could not have the bread in his cell. (*Id.*) Following an initial dispute over whether the plaintiff was allowed to have the bread, the defendant told the plaintiff to retrieve the bread from the bus tub and give it to him. (*Id.*) Another argument ensued, in which the plaintiff repeatedly used profanity and essentially told the defendant that if he wanted to get the bread, he would have to get it from the bus tub himself. (*Id.*) After repeatedly refusing to give the bread to the defendant, the plaintiff turned his back to the defendant, and the plaintiff started to walk away. (*Id.*) At this point, the defendant pepper-sprayed the plaintiff on the back of the neck, and, as the plaintiff continued to walk away, the defendant reached around the plaintiff and sprayed him in the face. (*Id.*) These actions prompted the plaintiff to turn around and engage the defendant in a five-to-seven-minute struggle, during which the parties were wrestling (often with the plaintiff in control) with each other on the ground, before they were finally separated by other

correctional officers.  (*Id.*)

The plaintiff claims that the defendant used excessive force during the altercation over the bread, in violation of his federal constitutional rights.  Because the plaintiff was a post-conviction inmate when the incident took place, his "excessive force claim must be raised exclusively under the Eighth Amendment's cruel and unusual punishment clause."  *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)(internal quotation omitted).  To have a viable claim under the Eighth Amendment, the plaintiff must show that the defendant engaged in the "unnecessary and wanton infliction of plain."  *Hudson v. McMillan*, 503 U.S. 1, 5 (1992).  The issue of whether the actions taken were "unnecessary" and "wanton" in this context turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. ... In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Id.* at 6-7 (internal quotation omitted).

Here, the record demonstrates that the defendant did not act "maliciously or sadistically" but, rather, he used a minor amount of force in a good faith effort to maintain discipline.  The undisputed facts are that the plaintiff, in a nasty manner, refused to comply with the defendant's lawful and reasonable commands, finally turning his back on the defendant and attempting to walk away.  In a clear effort to maintain discipline over the inmate, the defendant discharged his pepper spray toward the plaintiff's neck and face, which apparently had no disabling effect upon the plaintiff, who responded by wrestling with the defendant.  There is simply no evidence that,

4

during this entire dispute and struggle, the defendant engaged in any wanton, sadistic, or malicious behavior; rather his focus the entire time was on the maintenance of discipline over an inmate who was engaging in nasty and, arguably, aggressive behavior. Therefore, there is simply no evidence that would support an Eighth Amendment claim here.

For the reasons discussed herein, the defendant's unopposed Motion for Summary Judgment (Docket No. 45) is **GRANTED** and this matter is hereby **DISMISSED.** Entry of this Order shall constitute the judgment in this action.

It is so Ordered.

Entered this 1st day of September 2009.


ALETA A. TRAUGER
United States District Judge